Filed 6/6/25  P. v. Lopez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | No. E084816 |
| v. | (Super.Ct.No. RIF1400906) |
| ANTHONY JACOB LOPEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn Pulliam, Judge.

Dismissed.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Anthony Jacob Lopez appeals the trial court's postjudgment order denying his petition for resentencing of his voluntary manslaughter conviction (Pen. Code,[1] § 192, subd. (a)) under section 1172.6. Appointed counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Because defendant's counsel filed a brief raising no issues and defendant was notified that failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned and was given an opportunity to file a personal supplemental brief but failed to do so, we dismiss the appeal as abandoned. (*Id*. at pp. 231-232.)

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On February 10, 2014, defendant, a former member of the Arlanza 13 gang, was involved in a fight with Johnnie Huerta and his uncle, Paul Mungia, two former members of the 18th Street gang, after the two men rushed and confronted defendant. Mungia called out 18th Street and said "Fuck Arlanza."{CT 50, 62, 64, 73, 95-96, 98, 100, 138}

---

[1] All future statutory references are to the Penal Code.

[2] A summary of the factual background is taken from the preliminary hearing.{CT 41-196}

One of them cocked a gun and said they were going to smoke defendant, and called him by his moniker "Smokey."{CT 100-101, 139, 141} Mungia, who was wearing a white t-shirt, was stabbed in the chest during the fight by defendant and succumbed to his injuries.{CT 50, 97-98, 105, 123, 133, 135, 137-138}

After defendant was arrested, defendant told the investigating detective that he had stabbed the man in the white t-shirt in self-defense.{CT 139, 141-145, 147-148}

On January 25, 2016, defendant pled guilty to voluntary manslaughter (§ 192, subd. (a); count 1) and assault with force likely to result in great bodily injury (§ 245, subd. (a)(4); count 2). Defendant also admitted the allegations that he personally used a deadly weapon (§ 12022, subd. (b)(1)) in the commission of count 1 and that he committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A).) Defendant also admitted that he had suffered a prior prison term (§ 667.5, subd. (b)) and a prior strike (§§ 667, subds. (c) and (e)(1), 1170.12, subd. (c)(1).){CT 14-15; SuppRT 4-7}

On February 26, 2016, defendant was sentenced to a total term of 25 years in state prison as follows: 12 years for manslaughter (count 1), plus one year consecutive for the deadly weapon enhancement, plus 10 years consecutive for the gang enhancement; a concurrent term of two years for aggravated assault; the court stayed the punishment for the prior prison term and the gang enhancement attached to count 2.{CT 17-20}

On May 4, 2024, defendant filed a petition for resentencing pursuant to section 1172.6.{SuppCT 6} In his petition, he alleged that a complaint or information

was filed against him that allowed the prosecution to proceed under a theory in which malice is imputed to a person based on that person's participation in a crime or under the natural and probable consequences doctrine, that he was convicted of murder following a trial or after he accepted a plea offer in lieu of trial, and that he could not presently be convicted of murder because of changes to sections 188 and 189.{SuppCT 6} Defendant requested the appointment of counsel.{SuppCT 8} The trial court subsequently appointed counsel for defendant.{CT 23}

On July 30, 2024, the People filed its points and authorities in support of ineligibility finding at the prima facie stage. The People also asked the trial court to take judicial notice of defendant's plea form, the preliminary hearing transcript, the abstract of judgment, and the information, which were attached as exhibits to the People's motion. The People argued defendant was the actual perpetrator as he admitted to the detectives that it was he who had stabbed and killed the victim with a knife with no other participants mentioned.{CT 24-204}

The prima facie hearing was held on October 11, 2024.{CT 205; RT 4} At that time, the prosecutor argued, in relevant part, that "[t]he evidence at the preliminary hearing demonstrated that the petitioner was the one who stabbed and killed the victim; therefore, he is ineligible for relief as a matter of law and his Penal Code section 1172.6 petition should be denied."{RT 4} Defense counsel responded, "During the preliminary hearing a police officer testified that the defendant admitted stabbing the victim. The defense will not be introducing any evidence at this time that would contradict that."{RT

4

4-5} Defense counsel thereafter submitted.{RT 5}  The trial court noted that it had "reviewed the court records, along with the preliminary hearing transcript, the defendant's plea forms and the abstract," and based on the information provided, the court found defendant was "ineligible for relief under this statute."{RT 5}  The court thus denied defendant's section 1172.6 petition.{CT 205; RT 5}  Defendant timely appealed.{CT 206}

## III.

## DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case and a summary of the procedural background.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)  Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues.{AOB 5-9}  Under *Anders*, which requires "a brief referring to anything in the record that might arguably support the appeal," (*Anders*, at p. 744) counsel raises the issue of whether the trial court abused its discretion in denying defendant's section 1172.6 petition.{AOB 9}

We offered defendant an opportunity to file a personal supplemental brief.  We noted that if he did not do so, we could dismiss the appeal.  Nevertheless, defendant has not filed one.{ACCMS 4/16/25 Order}  Under these circumstances, we have no

5

obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.)

In *Delgadillo*, *supra*, 14 Cal.5th 216, the California Supreme Court held that *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738 procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, at pp. 224-226.) Thus, we need not examine the entire record ourselves to look for arguable grounds for reversal. (*Id.* at p. 228.) Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined, we may dismiss the appeal as abandoned. (*Id.* at p. 232.) "Independent review in *Wende* appeals consumes substantial judicial resources," and "[t]he state . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.'" (*Id.* at p. 229.)

We, however, have discretion to conduct *Wende* review even when it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) This case does not call for us to exercise our discretion to independently examine the record for arguable issues, and decline to exercise our discretion to independently examine the record. Accordingly, we dismiss the appeal as abandoned. (*Delgadillo*, at p. 232.)

IV.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:


McKINSTER

Acting P. J.


RAPHAEL

J.